## Commonwealth v. Summers

*Robert B. Mitinger, Jr.,* of *Miller, Kistler & Campbell,* for appellant.

*William H. Simmet,* for Commonwealth.

CAMPBELL, J., April 17, 1972.—The Secretary of Revenue has ordered the license of Connie L. Summers suspended under section 1413(a) of the Motor Vehicle Safety Responsibility Act of April 29, 1959, P. L. 58, as amended, 75 PS §1413(a). She filed an appeal. At an evidentiary hearing, we found the following unusual facts which in our opinion demand relief. The facts are as follows: Petitioner was the owner of a motor vehicle. On November 23, 1970, her husband, Frank Summers, drove the car to work. On his way home, he was involved in an accident resulting in damages amounting to $411.92 to another vehicle. Petitioner in this action was in no

way involved in the accident, was not present and no agency relationship existed. Following the accident, the victim's repair bills were paid by his collision insurance carrier, the U.S.F. & G. Company. On February 24, 1971, a representative of that company obtained the signature of petitioner's husband on a judgment note for the amount of the damages. Under the dominance and fear of her husband, and upon the assurance of the agent of the insurance company that she would not lose her license, petitioner signed the note. The certification of this note to the Secretary of Revenue forms the basis for her suspension order. Shortly thereafter, petitioner's husband abandoned his wife and their three children. She now works as a domestic, making $25 per week, which amount is supplemented by the Department of Public Assistance, so that she may care for her three children. She needs her license to continue her employment and is financially unable to pay the judgment note.

Petitioner in this situation, if the judgment note she signed is valid, was a pure gratuitous endorser and under no stretch of the imagination could ever have been held liable for the damages caused by her husband under the laws of Pennsylvania.

By way of dicta, we are of the opinion that section 1413(a) of the Motor Vehicle Safety Responsibility Act is unconstitutional as it applies to a nonnegligent owner of motor vehicles for the reason that there is no direct or compelling interest to be served by suspending a person's driving privileges where that person has not been shown to be an unsafe driver, that it discriminates illegally against a defendant who is unable to pay a personal judgment, and that it restricts a nonnegligent owner's liberty under the fourteenth amendment without due process of law: Miller v. Depuy et al., 307 F. Supp. 166 (E.D.Pa., 1969).

The present posture of this case places the court in a dilemma. Although Commonwealth has not raised the issue, we believe and so hold that petitioner has no right to appeal from the suspension under section 1413(a) in that the action of the Secretary is mandatory: Commonwealth v. Mercandante, Jr., 28 Beaver 104 (1967); Williams Auto License Case, 17 Bucks 89 (1967).

How, then, may petitioner secure the needed relief? It would appear to the court that she may proceed to open the judgment in the hope of eliminating her liability or bring the appropriate action by injunction or otherwise to determine the constitutionality of the act as it pertains to her.

Not being able to reverse the secretary, the court feels warranted in continuing the supersedeas of the suspension order for a period of 90 days following the filing of this opinion to enable petitioner to proceed in the proper forum by an appropriate action to secure relief.